[No. A028654. First Dist., Div. Three. Sept. 28, 1984.]

HAROLD BERNARD SHAMBURGER, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Guyton N. Jinkerson, Shea & Jinkerson and Deanna F. Lamb for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Herbert F. Wilkinson and Blair W. Hoffman, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**WHITE, P. J.**—This petition, brought by a defendant being tried for only one murder, challenges the trial court's failure to dismiss the special circumstance allegation that the defendant "has in this proceeding been convicted of more than one offense of murder in the first or second degree." (Pen. Code, § 190.2, subd. (a)(3).) The present incongruity arose because petitioner successfully moved to sever two murder charges against him. We conclude that the trial court erred in failing to dismiss the allegation under Penal Code section 190.2, subdivision (a)(3). We also explain that the severance automatically conferred on the prosecutor the right to amend the information to charge the special circumstance that the defendant "was previously convicted of murder in the first degree or second degree." (Pen. Code, § 190.2, subd. (a)(2).) Both results are dictated by the Supreme Court's decision in *Williams* v. *Superior Court* (1984) 36 Cal.3d 441 [204 Cal.Rptr. 700, 683 P.2d 699].

The felony complaint charged petitioner with the murders of Jerome Nance and William Fisher and alleged the special circumstance of conviction of more than one murder "in this proceeding." (Pen. Code, § 190.2,

subd. (a)(3).) Preliminary examination took place on the murders and petitioner was held to answer on all counts. The information charged the same offenses and the same special circumstance. Petitioner's motion to dismiss pursuant to Penal Code section 995 was denied. Petitioner then moved to sever the charge of murdering Jerome Nance from the charge of murdering William Fisher. The motion was granted and trial on the murder of Jerome Nance resulted in a first degree murder conviction.

Prior to trial on the charge of murdering William Fisher, petitioner moved *in limine* to dismiss the special circumstance on the ground that the "this proceeding" requirement was not met when murder charges were severed for separate trials. *Williams* v. *Superior Court, supra,* 36 Cal.3d 441, a decision filed two weeks before the *in limine* motion, was cited as authority for dismissal of the special circumstance. The trial court here announced its disagreement with petitioner's interpretation of *Williams,* but deferred its ruling until after the verdict. This petition followed.[1]

In *Williams* v. *Superior Court, supra,* 36 Cal.3d 441, 454, the Supreme Court ordered severance of two murder charges and established guidelines for courts ruling on severance motions. In the course of its discussion, the court stated: "The final consideration in our analysis is that since one of the charged crimes is a capital offense, carrying the gravest possible consequences, the court must analyze the severance issue with a higher degree of scrutiny and care than is normally applied in a noncapital case. Even greater scrutiny is required in the instant matter, for it is the joinder *itself* which gives rise to the special circumstances allegation of multiple murder under Penal Code section 190.2, subdivision (a)(3). [Fn. omitted.] If the cases are severed, then under section 190.2, subdivision (a)(2), the possibility of the death penalty arises *only if* there is a conviction for murder in the first case to be tried. [Fn. omitted.]" (Original italics.)

Petitioner contends that under *Williams* the special circumstance of conviction "in this proceeding" of more than one offense of murder (Pen. Code, § 190.2, subd. (a)(3)) must be dismissed. We agree. *Williams* unambiguously states that where two murder cases are severed for trial the possibility of the death penalty arises only under Penal Code section 190.2, subdivision (a)(2).

The Attorney General does not dispute petitioner's interpretation of *Williams.* He only argues that if the section 190.2, subdivision (a)(3), special

---

[1]Petitioner argues, persuasively, that the *Williams* decision justified renewal of the Penal Code section 995 motion on "changed circumstances" grounds (*In re Kowalski* (1971) 21 Cal.App.3d 67, 70 [98 Cal.Rptr. 444]) and rendered applicable the exception to Penal Code section 1510 for a defendant unaware of the issue. The Attorney General does not challenge the procedures used by petitioner to raise this issue or assert that this petition is premature.

circumstance is dismissed it should be replaced by an allegation that petitioner was "previously convicted of murder." (§ 190.2, subd. (a)(2).)

Petitioner, seeking to parlay dismissal of the section 190.2, subdivision (a)(3), special circumstances into avoidance of a death penalty trial, argues that section 190.2, subdivision (a)(2), applies only where the second homicide takes place after the first conviction. *Williams,* by clear inference, rejects his argument. Speaking of charges that were joined together, the court there stated that after severance the possibility of the death penalty would arise only under section 190.2, subdivision (a)(2). This statement could not have been made by a court holding petitioner's view that under section 190.2, subdivision (a)(2), the second murder must take place after the first conviction. Petitioner's hypothetical murders could never be jointly charged.

The prosecutor's right to charge section 190.2, subdivision (a)(2), in a case of severed murder charges is clear. Only the procedure need be considered. The Attorney General suggests that, rather than order dismissal of the incorrect special circumstance, this court should order a modification of the special circumstance allegation to accommodate *Williams.* However, we are reluctant to assume the role of the prosecutor in this action or to order the trial court into that role. Our proper role is to review the trial court's ruling on the dismissal motion. The trial court's role is to rule on motions made to it.

With that in mind, we explain that when a severance motion is granted in a case where the special circumstances of section 190.2, subdivision (a)(3), are alleged two rights arise: (1) the defendant obtains the right to dismissal of the section 190.2, subdivision (a)(3), allegation in any severed portion which does not charge two murders, and (2) the prosecutor obtains the right to amend the information in any later tried portion to allege prior conviction of murder under section 190.2, subdivision (a)(2). The prosecutor's amendment may not be attacked for lack of evidence at the preliminary examination or similar technical defect where, as here, the court's own records show a prior murder conviction in one of the severed portions.

We have reached our conclusion after full briefing by the parties and after advising real party of the possibility that we would issue a peremptory writ in the first instance. Such a procedure is proper (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893]). It is required here, because trial is in progress.

Let a peremptory writ of prohibition issue restraining the Santa Clara County Superior Court from taking any further action upon the special cir-

cumstance allegation other than to dismiss the allegation and, if the prosecutor so moves, replace it with an allegation under Penal Code section 190.2, subdivision (a)(2).

In order to prevent frustration of the relief granted, this decision shall be final as to this court forthwith (rule 24(c), Cal. Rules of Court).

Barry-Deal, J., and Anderson, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied October 25, 1984.