[No. F002777. Fifth Dist. Nov. 29, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
JOE NUNEZ, JR., Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Parts I and III are not certified for publication. (See Cal. Rules of Court, rules 976 & 976.1.)

## COUNSEL

Howard M. Hoffman, under appointment by the Court of Appeal, and Francine Kammeyer for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Roger E. Venturi and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FRANSON, Acting P. J.—

STATEMENT OF THE CASE

Appellant stands convicted after a court trial of several felonies arising out of an escape from the Fresno County jail on January 16, 1983. Two custodial officers allegedly were injured by appellant and two other escapees during the escape. At the time of the escape, appellant had been sentenced to life imprisonment without the possibility of parole for a conviction of murder and was awaiting transportation to state prison.

A first amended information was filed charging appellant in counts one and two of assault on a custodial officer (Officers Fall and Gregory) by means of force likely to produce great bodily injury (Pen. Code, § 245.3) with the additional allegation that great bodily injury was intentionally inflicted with respect to count one involving Officer Fall (Pen. Code, § 12022.7); count three, of escape and attempted escape from the Fresno County jail (Pen. Code, § 4532, subd. (b)); count four, of assault with a deadly weapon by a person undergoing a life sentence in a state prison (Pen. Code, § 4500), and count five, of escape and attempt to escape from the Fresno County jail by force and violence (Pen. Code, § 4530, subd. (a)). A prior conviction of murder was also alleged.

Appellant pleaded not guilty to all of the charges and denied the special allegations.

Appellant moved under Penal Code section 995 to dismiss count four which alleged assault by a person undergoing a life sentence in a state prison on the ground that he was not in a state prison but in the Fresno County jail awaiting transportation to the state facility at Vacaville when the assault and escape occurred. The trial court denied the motion, reasoning that the Legislature intended by the enactment of section 4500 "to proscribe the conduct of life sentence prisoners . . . whether [they] are in a county jail awaiting transportation [to prison] or are in a state prison, . . ."

After waiving a jury trial, appellant was found guilty of all charges, and the prior conviction of murder was found true. Appellant moved for a new trial on the ground that counts three and five were inconsistent. The trial court agreed, but rather than granting a new trial it simply dismissed count five.

Appellant was sentenced as follows: four years for count one, stayed, but a five-year enhancement for intentional infliction of great bodily injury was

imposed; four years for count two; two years for count three, stayed for a total sentence of nine years. Additionally, a sentence of life without the possibility of parole was imposed on count four. All unstayed sentences were ordered to run consecutive with appellant's previously imposed sentence of life without the possibility of parole for a conviction of murder.

As we shall explain, we are compelled to reverse appellant's conviction of count one alleging an assault on Officer Fall during the escape (Pen. Code, § 245.3) including the finding of intentional infliction of great bodily injury on the officer. We are also compelled to reverse appellant's conviction of count four, assault by a life term prisoner in state prison. (Pen. Code, § 4500.) We affirm the other convictions.

DISCUSSION*

. . . . . . . . . . . . . . . . . . . . . . . .

II

*Penal Code Section 4500 As Charged in*
*Count Four is Inapplicable to Appellant*

Penal Code section 4500 reads in relevant part: "Every person undergoing a life sentence *in a state prison* of this state, who, with malice aforethought, commits an assault upon the person of another with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury is punishable with death or life imprisonment without possibility of parole." (Italics added.)  █ Appellant relies on the emphasized language of the statute in seeking a reversal of his conviction of count four. He contends he cannot be found guilty of violating Penal Code section 4500 because he was not "in" state prison when he committed the assault; he was still in the Fresno County jail although awaiting transportation to state prison. Resolving this issue of first impression requires ascertaining the intent of the Legislature in enacting the statute.

█ "Where the meaning of a statute is plain, its language clear and unambiguous, and there is no uncertainty or doubt of the legislative intent, there is no need for construction and the courts should not indulge in it." (58 Cal.Jur.3d, Statutes, § 84, p. 434, fn. omitted.) "Stated otherwise, if the words of the statute, given their ordinary and popular meaning, are reasonably free from uncertainty, the courts will look no further to ascertain

---

*See footnote 1, *ante,* page 280.

the legislative intent." (*Ibid.*, fn. omitted.) ██ Applying this principle, we find no uncertainty on the face of Penal Code section 4500—it clearly requires a life term prisoner to be physically situated in state prison before the statute applies. ██ As noted in Webster's New World Dictionary (2d ed. 1982) at page 708, the primary sense of the prepositional word "in" is "contained or enclosed by; inside; within."

██ ██ Even if we assume some ambiguity in the statutory language— which is essential to the trial court's power to go behind the face of the statute to find that the Legislature intended to prohibit assaults with deadly weapons by life term prisoners regardless of "whether they are . . . in a state prison," we are faced with another overriding principle of statutory construction: "It is the policy of this state to construe a penal statute as favorably to the defendant as its language and the circumstances of its application may reasonably permit; just as in the case of a question of fact, the defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used in a statute. [Citation.]" (*Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420].) ██ Thus, we must construe the statute to require the physical presence of the defendant inside a state prison at the time of the assault.

We conclude appellant was charged with and convicted under a statute stretched beyond its permissible limits to encompass the facts of this case.

## III*

*Appellant's Other Contentions*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## IV

### DISPOSITION

The judgment is reversed insofar as counts one and four are concerned. The matter is remanded for retrial as to count one if the district attorney so

*See footnote 1, *ante*, page 280.

elects, including the alleged intentional infliction of great bodily injury. The judgment is affirmed as to counts two and three.

Hamlin, J., and Harden, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.