[Crim. No. 5038. Fourth Dist., Div. One. Nov. 10, 1971.]

In re STEPHEN RICHARD KOWALSKI on Habeas Corpus.

## COUNSEL

Roy W. Paul, Jr., for Petitioner.

Edwin L. Miller, Jr., District Attorney, Terry J. Knoepp and Ronald M. Jarvis, Deputy District Attorneys, for Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Stephen Richard Kowalski petitions for a writ of habeas corpus, asserting he is entitled to be discharged and released from custody, the trial court having granted a motion to set aside his indictment, and ordering the case dismissed. Later, another superior court judge set aside the dismissal, taking the position it was void as being in excess of jurisdiction. The latter judge set a date for Kowalski's retrial, and fixed bail. We have concluded the order setting aside the dismissal was void and Kowalski is entitled to be discharged.

On May 12, 1971, Kowalski was arraigned on a six-count indictment charging him with lewd and lascivious behavior with minors (Pen. Code, § 288).

On June 14, 1971, Kowalski's motion to set aside the indictment under Penal Code section 995 was argued and submitted before Judge Low. On June 15, the motion was denied.

Trial began June 18 before Judge Fisher. On July 12, Kowalski moved for a mistrial, which was granted. At that time, Judge Fisher expressed his opinion the indictment was defective and, in substance, invited Kowalski's counsel to renew the motion under section 995. Counsel then moved for a dismissal and the motion was granted.

On July 14, the parties somehow were before Judge Low again. Kowalski objected to the setting of a new trial date on the ground the court lacked jurisdiction because the case had been dismissed. Judge Low stated it was Judge Fisher who had acted in excess of jurisdiction in granting the

motion under section 995 and the order of dismissal was void. Judge Low ordered a new trial date, and fixed bail.

Kowalski's petition for habeas corpus is premised on the grounds Judge Fisher had jurisdiction to grant the motion under Penal Code section 995 and the dismissal order could not be set aside by another judge of the same court. Kowalski also argues an order dismissing a prosecution ends further proceedings in the trial court. For that reason, he argues, the orders made after dismissal purporting to set a new trial date and fixing bail were themselves void. We agree.

" 'A superior court is but one tribunal, even if it be composed of numerous departments . . . . An order made in one department during the progress of a cause can neither be ignored nor overlooked in another department. . . .' " (*People* v. *Grace,* 77 Cal.App. 752 [247 P. 585] cited in *Lee* v. *Offenberg,* 275 Cal.App.2d 575, 583 [80 Cal.Rptr. 136].)
This is because the state Constitution, article VI, section 4 vests jurisdiction in the *court,* ". . . and not in any particular judge or department . . .; and . . . whether sitting separately or together, the judges hold but one and the same court. [Citation.] It follows, . . . where a proceeding has been . . . assigned for hearing and determination to one department of the superior court by the presiding judge . . . and the proceeding . . . has not been finally disposed of . . . it is beyond the jurisdictional authority of another department of the same court to interfere with the exercise of the power of the department to which the proceeding has been so assigned . . . . If such were not the law, conflicting adjudications of the same subject-matter by different departments of the one court would bring about an anomalous situation and doubtless lead to much confusion. [Citation.]" (*Williams* v. *Superior Court,* 14 Cal.2d 656, 662 [96 P.2d 334].)

After the court declared a mistrial, it had discretion to permit Kowalski to renew his motion under Penal Code section 995 (*People* v. *Burch,* 196 Cal.App.2d 754, 759 [17 Cal.Rptr. 102].)

Ordinarily, a motion under section 995 should not ·be renewed unless changed circumstances are shown which have a significant bearing on the question whether a defendant was indicted or committed without probable cause (Cf. Code Civ. Proc., § 1008). Such circumstances might exist, for example, if there were a substantial change in the law between the time of the first and second motions, which made inadmissible much of the testimony considered by the grand jury or magistrate.

In this case, without any showing of changed circumstances,

Judge Fisher considered the matters already ruled on by Judge Low and reached a different decision. This was an abuse of discretion and was error, but it was not a jurisdictional error.

The People were not without a remedy: An appeal from the dismissal order (Pen. Code, § 1238, subd. (a)(1)). Instead, the People bypassed orderly procedures for review; they did not appeal from Judge Fisher's order, but permitted it to become final (see *People* v. *Superior Court,* 249 Cal.App.2d 727, 734-735 [57 Cal.Rptr. 818]).

Judge Fisher's order "[W]as binding and should have been followed by the superior court until such time as that [order] was overturned." (*People* v. *Superior Court, supra,* p. 734.)

The face of the record shows the case has been dismissed. The dismissal disposed of the indictment and ended further prosecution based on it (*People* v. *MacCagnan,* 129 Cal.App.2d 100, 113 [276 P.2d 679]; *People* v. *Grace,* 88 Cal.App. 222, 229 [263 P. 306]; *Ex Parte Clarke,* 54 Cal. 412). The orders setting a new trial date and fixing bail were void. ■ "A writ of habeas corpus will lie where it appears upon the face of the record the trial court lacked jurisdiction to impose the order or judgment pursuant to which the petitioner is held in custody [citation]." (*In re Clark,* 51 Cal.2d 838, 840 [337 P.2d 67].)

The writ is granted. Stephen Richard Kowalski is discharged from the custody of the Sheriff of San Diego County.

Whelan, J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.