[Crim. No. 17170. First Dist., Div. Three. Aug. 24, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
BILLY JOE LOCKLAR, Defendant and Appellant.

**COUNSEL**

James M. Hunt, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Timothy A. Reardon, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

FEINBERG, J.—Defendant Locklar appeals from his conviction by a jury of two counts of burglary.

By separate informations filed March 25, 1977, appellant was charged with the burglary of a motor vehicle committed on or about November 16, 1976 (information, MCR 2991; Pen. Code, § 459) and with the burglary of a residential building committed on or about January 31, 1977 (information, MCR 2988; Pen. Code, § 459). A recitation of the facts upon which these charges are based is unnecessary for the disposition of this appeal.

Appellant was appointed counsel from the Monterey Public Defender's office, and entered pleas of not guilty to each count.

On April 29, 1977, it was agreed by the parties at the pretrial hearing of number 2988 that the two actions were not to be consolidated for trial and that number 2988 was to be set on a trailing basis behind number 2991.

When number 2991 came for pretrial on May 6, 1977, a different deputy district attorney moved for consolidation of the two actions. This motion was denied by the court, noting the prior agreement.

On May 16, 1977, after several continuances caused by the unavailability of courtrooms, the prosecution again moved for a consolidation of the actions. With a different judge on the bench than had ruled upon the first motion, the motion was granted over the objection of appellant. Appellant's motion for severance was denied.

After two more continuances due to the unavailability of a courtroom, the actions came to trial on May 18, 1977. Unfortunately, Deputy Public Defender Fields, who had represented appellant in both actions almost from their inception, had been suddenly taken ill the preceding afternoon and was not present. Deputy Public Defender Lawrence appeared for Fields and moved for a continuance of a day or two so that Fields could return and represent appellant. Lawrence met appellant for the first time on May 18, 1977, in the courtroom, and as of the time of his motion for a continuance, had never reviewed the files on the actions against appellant. In fact, Fields had taken the case files home with him in order to

prepare for trial. Further, appellant did not consent to go to trial with Lawrence as his counsel. Lawrence informed the court that if he were forced to participate in the action on that day, he would merely sit next to appellant but would not participate beyond this due to his lack of familiarity with the case. In reference to jury selection, Lawrence told the court: "[I]t will be my intention not to ask any questions of these jurors, Your Honor, because I'm not equipped to do it in this case. . . . I will exercise neither challenges for cause nor peremptory challenges. I will merely inform the court when asked that I have no challenges for cause to make nor any peremptory challenges to make, and in doing this I mean no disrespect for this court. . . ."

The trial court insisted on impaneling the jury on May 18, 1977, giving as reasons convenience to the venire and relief of court congestion. The trial court offered Mr. Lawrence "an hour . . . or more" to talk with appellant and to review the court's file on the case. Mr. Lawrence rejected this offer. He did in fact not question any juror nor exercise any challenge. The jury was impaneled, sworn and the case continued to May 23.

On May 23, 1977, Fields, who was back representing appellant, made a motion for a mistrial based upon the circumstances under which the jury was selected. The motion was denied.

On May 24, 1977, the jury found appellant guilty of both counts of burglary. On June 14, 1977, appellant appeared for sentencing. His motion for a new trial was denied. Imposition of sentence was suspended as to each conviction, and appellant was placed on probation for a period of three years. This appeal followed.

Appellant contends that the trial court abused its discretion in denying appellant's motion for a continuance before the impanelment of the jury.

■ The Sixth Amendment's guarantee of counsel is a fundamental right and is essential to a fair trial. (*Gideon* v. *Wainwright* (1963) 372 U.S. 335, 342 [9 L.Ed.2d 799, 804, 83 S.Ct. 792, 93 A.L.R.2d 733].) "[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." (Fn. omitted.) (*Argersinger* v. *Hamlin* (1972) 407 U.S. 25, 37 [32 L.Ed.2d 530, 538, 92 S.Ct. 2006].)

■ The right to exercise peremptory challenges is an essential part of trial by jury. (*Lewis* v. *United States* (1892) 146 U.S. 370, 376 [36 L.Ed. 1011, 1014, 13 S.Ct. 136]; *Swain* v. *Alabama* (1965) 380 U.S. 202, 219 [13 L.Ed.2d 759, 771-772, 85 S.Ct. 824].) A criminal defendant is therefore entitled to the assistance of counsel during jury impanelment.

■ It is true that when a defendant is being represented by the public defender, the defendant is not entitled to be represented by any particular attorney within that office (*People* v. *Manchetti* (1946) 29 Cal.2d 452, 458 [175 P.2d 533]; *Drumgo* v. *Superior Court* (1973) 8 Cal.3d 930, 934 [106 Cal.Rptr. 631, 506 P.2d 1007, 66 A.L.R.3d 984]) but he is entitled to be represented by some attorney acting in his behalf.

In the case before us, appellant did not receive *any* assistance of counsel, for Lawrence, as he had advised the court before the impanelment began, took no part in the selection of the jury. Although Lawrence was physically present in the courtroom, the constitutional right to counsel mandates diligent, substantial representation, not simply a pro forma appearance. (*Powell* v. *Alabama* (1932) 287 U.S. 45, 57-58 [77 L.Ed. 158, 164-165, 53 S.Ct. 55, 84 A.L.R. 527].) ■ We hold that the result of the trial court's action in insisting that Mr. Lawrence "represent" appellant, when Lawrence took the position that he would not question jurors nor exercise any challenges, a position inconsistent with providing an effective defense,[1] operated to deprive appellant of assistance of counsel, reversible error per se.

Further, we hold that by reason of appellant's counsel Lawrence's deliberate and announced refusal to participate in the jury selection, appellant, under the circumstances, was deprived of a fair jury.

■ "The function of the challenge is not only to eliminate extremes of partiality on both sides, but to assure the parties that the jurors before whom they try the case will decide on the basis of the evidence placed before them, and not otherwise. In this way the peremptory satisfies the rule that 'to perform its high function in the best way "justice must satisfy the appearance of justice." ' [Citation.]" (*Swain* v. *Alabama, supra,* 380 U.S. at p. 219 [13 L.Ed.2d at p. 772].)[2] "[The] peremptory challenge is a

---

[1] We do not pass on the propriety (or lack thereof) of Mr. Lawrence's position in this regard, but we note that the American Bar Association Code of Professional Responsibility, Disciplinary Rule D.R. 6-101(A) provides that "A lawyer shall not: . . . (2) Handle a legal matter without preparation adequate in the circumstances."

[2] The point is underscored here. One of the jurors selected had been the victim of some 13 thefts; another juror said he would have trouble believing the accused as against a

necessary part of trial by jury. [Citation.] [It] is 'one of the most important of the rights secured to the accused,' [citation]. The denial or impairment of the right is reversible error without a showing of prejudice, [citations]." (*Id.*)

We are aware of and we sympathize with trial courts confronted with massive caseloads on the one hand and, on the other hand, the embarrassment of having to send venires home because suddenly there is no case to try. Trial courts must and do have a broad discretion in granting or denying trial continuances, but this discretion may not be exercised in such a manner as to impair fundamental rights of the accused.

■ Appellant asserts that the trial court was without jurisdiction in ordering that the two actions against appellant be consolidated for trial after a different judge in the same court had ordered differently. He is in error. The motion to consolidate may be renewed, at least upon a showing of changed circumstances. (Code Civ. Proc., § 1008; *In re Kowalski* (1971) 21 Cal.App.3d 67, 70 [98 Cal.Rptr. 444]; see 45 State Bar J. 483.) If a second motion is granted where there is no change of circumstances, it is error, but the error is not jurisdictional, and the second order is valid until revoked. (*Imperial Beverage Co.* v. *Superior Court* (1944) 24 Cal.2d 627, 633-634 [150 P.2d 881].) The fact that different judges made the two orders does not thereby create a jurisdictional defect and change this result. *In re Kowalski, supra,* at page 70, makes this clear for, in *Kowalski,* a Penal Code section 995 motion was denied and then renewed before a second judge who then granted the motion. The granting was erroneous because the motion had been renewed without a change in circumstances, not because there was a lack of jurisdiction. Here, too, there was error in ordering consolidation since the record is devoid of a showing of changed circumstances. Because the case is reversed for other reasons, there is no need to delve into considerations of prejudice.

The other assignments of error by counsel are of such a nature that it appears unlikely they will arise in the event of a retrial; consequently, we do not address ourselves to them.

---

police officer. If defense counsel had participated in the selection of the jury and had not peremptorily challenged these two jurors, one would have wondered at his competence.

The judgment is reversed and remanded for proceedings consistent with this opinion.

White, P. J., and Halvonik, J., concurred.