[Civ. No. 49930. First Dist., Div. Two. Sept. 26, 1980.]

ROBERT LITTLE, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Jeff Brown, Public Defender, Peter G. Keane, Chief Attorney, and Noel Marcovecchio, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Thomas A. Brady and Kristofer Jorstad, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**TAYLOR, P. J.**—Petitioner, charged by information with a violation of section 273a, subdivision (1) of the Penal Code (willful cruelty toward child) seeks a writ of prohibition to restrain respondent superior court from taking any further action in this matter other than to grant defendant's motion to set aside the information. Petitioner contends (1) that his commitment is illegal because the magistrate, by denying him a continuance, denied him his right to counsel, and (2) that he had been committed without reasonable or probable cause.[1]

---

[1]Penal Code section 995 provides: "The ... information must be set aside by the court in which the defendant is arraigned, upon his motion ... [¶] If it be an information: [¶] 1. That before the filing thereof the defendant had not been legally committed by a magistrate. [¶] 2. That the defendant had been committed without reasonable or probable cause."

The record reveals that the matter was set for preliminary hearing on April 28, 1980. At the time called, Deputy Public Defender Gary Faldesy appeared and advised the court that because of a calendaring error, Deputy Public Defender Noel Marcovecchio, who had been assigned the case, was not present in court. Faldesy, who was Marcovecchio's supervisor, moved for a continuance to permit Marcovecchio, who had prepared the case, to represent petitioner at the preliminary hearing.

Assistant District Attorney William Fazio, representing the People, objected to a continuance on the ground that he had summoned a witness from Monterey and that his other witness, one Dr. Sanchez, was a busy pediatrician. Fazio contended that Faldesy was competent to proceed to represent petitioner at the hearing. Faldesy objected on the ground that he was unfamiliar with the facts and circumstances of the case, had never spoken to the petitioner, whom he had met in the courtroom but 10 minutes earlier, that he did not know whether Marcovecchio had planned to call witnesses on petitioner's behalf, and that he was totally unprepared to proceed. The magistrate thereupon suggested that the preliminary hearing commence with the witness from Monterey, and that the proceeding then be continued to another date when the other witness could be called. Faldesy pointed out to the magistrate that because of his total ignorance of the facts and circumstances of the case, his participation would deny competent representation to petitioner, even as to the one witness, who could be the crucial witness.

The request for a continuance was denied, and although Faldesy informed the magistrate that he would not participate and would remain silent, the magistrate ordered the preliminary hearing to proceed. The prosecution called the witness from Monterey and the pediatrician who had treated the victim. Although codefendant's counsel cross-examined the witnesses, called one witness on behalf of his client, and argued the matter, Faldesy remained silent. At the conclusion of the hearing, petitioner was held to answer to the superior court.

■ It is settled that the preliminary hearing is a critical stage of the criminal process at which the defendant has a right to the "guiding hand of counsel" (*Coleman* v. *Alabama* (1970) 399 U.S. 1, 9-10 [26 L.Ed.2d 387, 397, 90 S.Ct. 1999]; *Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584, 588 [150 Cal.Rptr. 435, 586 P.2d 916]). Numerous authorities have held that the denial of counsel or the denial of a

continuance to secure counsel at the preliminary hearing is the denial of a substantial right which renders the ensuing commitment illegal and entitles a defendant to dismissal of the information on timely motion (*People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 523 [165 Cal.Rptr. 851, 612 P.2d 941]).

Although a defendant represented by the public defender is not entitled to be represented by any particular attorney within that office, he is entitled to be represented by some attorney acting in his behalf (*People* v. *Locklar* (1978) 84 Cal.App.3d 224, 229 [148 Cal. Rptr. 322]). *Locklar* held that the constitutional right to counsel at *trial* was not satisfied by a mere pro forma appearance. Here, as in *Locklar*, although Faldesy was physically present in the courtroom, petitioner received *no* assistance of counsel. We conclude that a defendant's right to counsel in a *preliminary hearing*, as at trial, is not satisfied by the mere physical presence of an attorney who remains silent and does not participate on behalf of the defendant.

We are cognizant of the need to expedite criminal proceedings "to the greatest degree that is consistent with the ends of justice" (Pen. Code, § 1050), and we recognize that the People, as well as the defendant, have the right to a preliminary examination at the earliest possible time (Pen. Code, § 859b). However, neither section 859b nor section 1050 precludes the magistrate from entertaining an oral motion for continuance for good cause, such as that made by Faldesy at the earliest opportunity.

Of course, we do not condone abuses in the making of such motions, but there was no showing of any such abuse here.[2] When the right of a defendant to representation by counsel is involved, the legislative policy in favor of prompt disposition of criminal cases, however commendable, must not be permitted to transcend any of the basic elements of due process of law (*People* v. *Maddox* (1967) 67 Cal.2d 647, 655 [63 Cal.Rptr. 371, 433 P.2d 163]).

A pretrial challenge by extraordinary writ on the ground of denial of counsel at the preliminary examination does not require a showing

---

[2]Marcovecchio represented to the court hearing the motion to dismiss that at the time the preliminary hearing was called, he was in fact in Monterey gathering evidence on behalf of petitioner, believing that the preliminary hearing was set for May 29, 1980, the date marked on his calendar.

of prejudice. If the issue is raised before trial, prejudice is presumed and the information is dismissed (*People* v. *Pompa-Ortiz, supra,* 27 Cal.3d, pp. 529-530). The matter can then be returned to the magistrate for proceedings free of the claimed defects (*People* v. *Pompa-Ortiz, supra,* p. 529; Pen. Code, § 999).

■ We conclude that under the circumstances shown here, petitioner had not been legally committed by a magistrate and that petitioner was entitled to relief under section 995. In light of our conclusion, we do not reach the issue of whether petitioner had been committed without reasonable or probable cause.

Let a peremptory writ of prohibition issue to restrain respondent court from taking any further action in the proceedings against petitioner, other than to grant the motion to dismiss the information, and to proceed according to law (Pen. Code, §§ 995, 997).

Miller, J., and Smith, J., concurred.