[No. D029126. Fourth Dist., Div. One. July 31, 1998.]

THE PEOPLE, Plaintiff and Appellant, v.
ANGELO CHARLES CASTELLO, Defendant and Respondent.

## COUNSEL

Paul J. Pfingst, District Attorney, Thomas F. McArdle and Josephine A. Kiernan, Deputy District Attorneys, for Plaintiff and Appellant.

Mary C. Hibbs, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**HUFFMAN, J.**—Angelo Charles Castello pleaded guilty to nine counts of grand theft of personal property. The trial court initially found true an allegation that Castello suffered a prior conviction in Florida under the three strikes law but, on subsequent motion by Castello, reversed this finding and held the prior did not constitute a valid "conviction." The People appeal the invalidation of the prior conviction, contending: (1) the trial court lacked power to reconsider its finding under Code of Civil Procedure[1] section 1008; (2) the prior constituted a conviction as defined by California law, which applies here; and (3) the prior constituted a conviction under Florida law. We hold the court properly exercised its inherent power to reconsider but erred in concluding the Florida prior was not a conviction under California law. We therefore affirm the unchallenged conviction but reverse the judgment as to sentence.

### FACTUAL AND PROCEDURAL BACKGROUND

In November 1975, in Florida, Castello pleaded guilty to assault with the intent to commit involuntary sexual battery. On May 2, 1997, in California, Castello pleaded guilty to nine counts of grand theft of personal property in violation of Penal Code section 487, subdivision (a), and admitted that the losses to the victims exceeded $150,000, a special enhancement allegation under Penal Code section 12022.6, subdivision (b).

On April 29, 1997, the trial court, refusing to "[put] the cart before the horse," first denied Castello's motion to invalidate the 1975 prior. Castello had argued the prior did not constitute a conviction under the three strikes law because the court had withheld adjudication of guilt after Castello completed probation, as provided for by Florida law. Then, on May 2, 1997, after Castello's guilty plea and waiver of jury trial as to the strike prior allegation, the court found the prior allegation true.

On June 10, 1997, Castello filed a motion for reconsideration of the validity of the strike prior. On July 17, 1997, the court granted the motion

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified.

and reversed its prior ruling deeming the Florida prior a strike. The court then sentenced Castello to eight years four months in state prison, with four hundred ten days' credit for time spent in custody. The court declined to indicate how it would exercise its discretion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530 [53 Cal.Rptr.2d 789, 917 P.2d 628].

The People appealed the sentence based on the court's invalidation of the prior conviction allegation.

DISCUSSION

1. *Reconsideration.*[2]

In criminal cases there are few limits on a court's power to reconsider interim rulings. (*People v. Rose* (1996) 46 Cal.App.4th 257, 262 [53 Cal.Rptr.2d 559]; but see *People v. Walker* (1904) 142 Cal. 90, 92 [75 P. 658] [limits on repetitive new trial motions]; *People v. Jackson* (1997) 13 Cal.4th 1164, 1205 [56 Cal.Rptr.2d 49, 920 P.2d 1254] [limits on relief from unfavorable ruling on motion to suppress].) However, the People contend section 1008[3] extends to criminal cases to impose such a limit.

In general, to decide the proper rule of criminal procedure by reliance upon rules of civil procedure "would be to ignore the underlying rights of the presumption of innocence and proof beyond a reasonable doubt." (*People v. Belton* (1979) 23 Cal.3d 516, 522 [153 Cal.Rptr. 195, 591 P.2d 485].)

---

[2]The People concede they did not raise their jurisdictional objection below. However, we consider the merits here since the lack of jurisdiction may be raised for the first time on appeal. (See, e.g., *People v. Chadd* (1981) 28 Cal.3d 739, 757 [170 Cal.Rptr. 798, 621 P.2d 837]; *Andrus v. Estrada* (1995) 39 Cal.App.4th 1030, 1042 [46 Cal.Rptr.2d 300].)

[3]Section 1008 states in pertinent part: "(a) When an application for an order has been made to a judge, or to a court, and . . . granted, . . . any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown. . . . [¶] . . . [¶] (c) If a court at any time determines that there has been a change of law that warrants it to reconsider a prior order it entered, it may do so on its own motion and enter a different order. [¶] (d) A violation of this section may be punished as a contempt and with sanctions as allowed by Section 128.5. In addition, an order made contrary to this section may be revoked . . . . [¶] (e) This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court, . . . whether the order deciding the previous matter or motion is interim or final. No application to reconsider any order or for the renewal of a previous motion may be considered *by any judge* or court unless made according to this section."

*Gonzales* v. *Superior Court* (1935) 3 Cal.2d 260, 263-264 [44 P.2d 320], concluded that only those parts of the Code of Civil Procedure which are expressly made applicable to penal actions apply to criminal cases. As stated in *Smith* v. *Superior Court* (1981) 115 Cal.App.3d 285, 291 [171 Cal.Rptr. 387], "[t]he rationale [of *Gonzales*] should apply . . . to preclude operation of other Code of Civil Procedure sections . . . , such as section 1008" since section 1008 is not so incorporated. (Accord, *People* v. *Glimps* (1979) 92 Cal.App.3d 315, 325, fn. 6 [155 Cal.Rptr. 230].)

The cases cited by the People do not lead us to a different conclusion. *In re Kowalski* (1971) 21 Cal.App.3d 67, 70 [98 Cal.Rptr. 444], reasoned that a motion under Penal Code section 995 should not be renewed unless changed circumstances are shown, using section 1008 by analogy only. (See Cal. Style Manual (3d ed. 1986) § 101, p. 69 [meaning of "cf."].) The court in *People* v. *Locklar* (1978) 84 Cal.App.3d 224, 230 [148 Cal.Rptr. 322], relying on *In re Kowalski*, did imply in dicta that section 1008 applied in a criminal case. However, this dicta, based on a misreading of *In re Kowalski*, does not bind us. (See, e.g., *Hart* v. *Burnett* (1860) 15 Cal. 530, 598-599.) Moreover, these cases primarily concern the rule that one trial court judge may not reconsider and overrule a ruling of another judge. (See, e.g., *Greene* v. *State Farm Fire & Casualty Co.* (1990) 224 Cal.App.3d 1583, 1588-1589 [274 Cal.Rptr. 736].)

■ The California Supreme Court has often recognized the "inherent powers of the court . . . to insure the orderly administration of justice." (*Hays* v. *Superior Court* (1940) 16 Cal.2d 260, 264 [105 P.2d 975]; see also *Bank of America* v. *Superior Court* (1942) 20 Cal.2d 697, 702 [128 P.2d 357] [court has power to change interim rulings]; *Millholen* v. *Riley* (1930) 211 Cal. 29, 33-34 [293 P. 69].) In criminal cases, the court has acknowledged "the inherent power of every court to develop rules of procedure aimed at facilitating the administration of criminal justice and promoting the orderly ascertainment of the truth." (*Joe Z.* v. *Superior Court* (1970) 3 Cal.3d 797, 801-802 [91 Cal.Rptr. 594, 478 P.2d 26]; *Powell* v. *Superior Court* (1957) 48 Cal.2d 704, 708 [312 P.2d 698].) In *People* v. *Jackson, supra,* 13 Cal.4th at page 1205, the court made no mention of section 1008 when it held: "Because the People's motion to 'augment and reconsider' the suppression motion was not governed by [Penal Code] section 1538.5, we agree with the People that the trial court's ability to grant relief is instead controlled by Code of Civil Procedure section 128, subdivision (a)(8), which states that every court will have the power to 'amend and control its process and orders so as to make them conform to law and justice.' "

Some of the court's inherent powers are set out by statute, but the inherent powers of the courts are derived from the Constitution and are not confined

by or dependent on statute. (Cal. Const., art. III, § 3; *id.*, art. VI, § 1;[4] *Walker v. Superior Court* (1991) 53 Cal.3d 257, 266-267 [279 Cal.Rptr. 576, 807 P.2d 418]; *Peat, Marwick, Mitchell & Co. v. Superior Court* (1988) 200 Cal.App.3d 272, 287-288 [245 Cal.Rptr. 873].)

■ A court's inherent powers are wide. (See, e.g., *Asbestos Claims Facility v. Berry & Berry* (1990) 219 Cal.App.3d 9, 19-24 [267 Cal.Rptr. 896], disapproved on other grounds in *Kowis v. Howard* (1992) 3 Cal.4th 888, 896-897 [12 Cal.Rptr.2d 728, 838 P.2d 250]; *Cottle v. Superior Court* (1992) 3 Cal.App.4th 1367, 1377-1378 [5 Cal.Rptr.2d 882].) They include authority to rehear or reconsider rulings: "[T]he power to grant rehearings is inherent,—is an essential ingredient of jurisdiction, and ends only with the loss of jurisdiction." (*In re Jessup* (1889) 81 Cal. 408, 468 [22 P. 742]; accord, *Metropolitan Water Dist. v. Adams* (1942) 19 Cal.2d 463, 469 [122 P.2d 257].) " 'One of the powers which has always been recognized as inherent in courts, which are protected in their existence, their powers and jurisdiction by constitutional provisions, has been the right to control its order of business and to so conduct the same that *the rights of all suitors before them may be safeguarded.* This power has been recognized as judicial in its nature, and as being a necessary appendage to a court organized to enforce rights and redress wrongs.' " (*Lorraine v. McComb* (1934) 220 Cal. 753, 756 [32 P.2d 960], quoting *Ringlander v. Star Co.* (1904) 98 A.D. 101, 104 [90 N.Y.S. 772, 774-775], italics added.)

■ Moreover, even if section 1008 were deemed applicable to a criminal case, that statute, by its express terms, governs only a litigant's ability to renew a motion or advance an application, not the court's inherent power to reconsider its own interim rulings.[5] (*Gailing v. Rose, Klein & Marias* (1996) 43 Cal.App.4th 1570, 1579 [51 Cal.Rptr.2d 381] [section 1008 is not

---

[4]Article VI, section 1 of the California Constitution provides in pertinent part: "The judicial power of this State is vested in the Supreme Court, courts of appeal, superior courts, and municipal courts. All courts are courts of record."

Article III, section 3 of the state Constitution states: "The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution."

[5]Subdivision (e) of section 1008, adding a jurisdictional limitation, was enacted by the Legislature in 1992. (Stats. 1992, ch. 460, § 4, pp. 1832-1833.) The uncodified legislative expression of intent also focuses on limiting the litigants rather than the court: "The Legislature finds and declares the following: [¶] (a) Since the enactment of Section 1008 of the Code of Civil Procedure, some California courts have found that the section does not apply to interim orders. [¶] (b) In enacting Section 4 of this act, it is the intent of the Legislature to clarify that no *motions* to reconsider any order made by a judge or a court, whether that order is interim or final, may be heard unless the *motion* is filed within 10 days after service of written notice of entry of the order, and unless based on new or different facts, circumstances, or law. [¶] (c) In enacting Section 4 of this act, it is the further intent of the Legislature to clarify that no *renewal of a previous motion*, whether the order deciding the

jurisdictional]; accord, *Bernstein* v. *Consolidated American Ins. Co.* (1995) 37 Cal.App.4th 763, 774 [43 Cal.Rptr.2d 817] [court may correct own erroneous ruling]; *Nave* v. *Taggart* (1995) 34 Cal.App.4th 1173, 1177 [40 Cal.Rptr.2d 714] [court has complete power to change its decision until entry of judgment]; cf. also *International Ins. Co.* v. *Superior Court* (1998) 62 Cal.App.4th 784, 788 [72 Cal.Rptr.2d 849] [court has broad power to define "change of law" within the meaning of section 1008]; *Community Memorial Hospital* v. *County of Ventura* (1996) 50 Cal.App.4th 199, 205 [56 Cal.Rptr.2d 732] [section 1008 inapplicable if same issue of law, but motion different].)[6] Indeed, a court has "the power of self-preservation, . . . the power to remove all obstructions to its successful . . . operation." (*Millholen* v. *Riley, supra,* 211 Cal. at p. 33.)

A court could not operate successfully under the requirement of infallibility in its interim rulings. Miscarriage of justice results where a court is unable to correct its own perceived legal errors, particularly in criminal cases where life, liberty, and public protection are at stake. Such a rule would be " '. . . a serious impediment to a fair and speedy disposition of causes . . . .' [Citations.]" (*De la Beckwith* v. *Superior Court* (1905) 146 Cal. 496, 500 [80 P. 717], quoting *Richman* v. *Board of Supervisors of Muscatine County* (1889) 77 Iowa 513, 524.) Indeed, *People* v. *Jackson, supra,* 13 Cal.4th at page 1205, demonstrates even the People's need to avail themselves of this inherent power under appropriate circumstances.

Therefore, if the language of section 1008 imports anything further,[7] it must be treated as directory only. (*Lorraine* v. *McComb, supra,* 220 Cal. at p.

---

previous motion is interim or final, may be heard unless the *motion* is based on new or different facts, circumstances, or law. [¶] (d) Inclusion of interim orders within the application of Section 1008 is desirable in order to reduce the number of *motions* to reconsider and *renewals of previous motions* heard by judges in this state." (Stats. 1992, ch. 460, § 1, p. 1831, italics added.)

Similarly, the 1992 Summary Digest relates that the bill "specif[ies] the court's jurisdiction with regard to *applications for reconsideration* of its orders and *renewals of previous motions,* . . ." (Legis. Counsel's Dig., Sen. Bill No. 1805, 4 Stats. 1992 (Reg. Sess.) Summary Dig., p. 165, italics added.)

[6]There is dicta to the contrary in *Gilberd* v. *AC Transit* (1995) 32 Cal.App.4th 1494, 1499 [38 Cal.Rptr.2d 626]. The same is true of other First Appellate District cases. (*Pazderka* v. *Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 669-670 [73 Cal.Rptr.2d 242]; *Baldwin* v. *Home Savings of America* (1997) 59 Cal.App.4th 1192, 1200, fn. 10 [69 Cal.Rptr.2d 592]; *Crotty* v. *Trader* (1996) 50 Cal.App.4th 765, 770-771 [57 Cal.Rptr.2d 818].) However, the First Appellate District did appear to descry a possible distinction where courts act on their own. (*Garcia* v. *Hejmadi* (1997) 58 Cal.App.4th 674, 691-692, fn. * [68 Cal.Rptr.2d 228].)

[7]In this regard, we note that the bill was amended in the Senate to add: "(d) . . . This section shall not be construed to limit in any manner the right of a judge to exercise his or her own discretion in reconsidering any order he or she may have issued." (Sen. Amend. to Sen. Bill No. 1805 (1991-1992 Reg. Sess.) Apr. 21, 1992.) This amendment was then deleted in

757; *Rappaport* v. *Payne* (1934) 139 Cal.App. 772, 775 [35 P.2d 183].)[8] At most, therefore, section 1008 requires courts to exercise due consideration before modifying, amending or revoking prior orders. (See, e.g., *Wilson* v. *Science Applications Internat. Corp.* (1997) 52 Cal.App.4th 1025, 1031 [60 Cal.Rptr.2d 883]; *Morite of California* v. *Superior Court* (1993) 19 Cal.App.4th 485, 491-493 [23 Cal.Rptr.2d 666].) This is consistent with the doctrine of separation of powers, whereby the Legislature may regulate the exercise of the court's inherent power, but its regulations must not "defeat or materially impair" the constitutional powers of the courts. (*Superior Court* v. *County of Mendocino* (1996) 13 Cal.4th 45, 58 [51 Cal.Rptr.2d 837, 913 P.2d 1046]; *In re Jessup, supra,* 81 Cal. at p. 460.)

The record provides no indication that the trial court failed to act with due consideration in revisiting the question of law before it in order to perform its function of safeguarding the rights of the parties. The People contend Castello's motion was untimely, yet they admit there was no service of written notice of entry of the order as required to trigger the 10-day period under the statute. (§ 1008, subd. (a).) The People contend Castello failed to provide an affidavit setting forth what new law supported his request, yet they concede Castello provided new authorities. (§ 1008, subds. (a) & (b).) The record indicates the court initially deferred consideration of the question in April until its original ruling of May 2, then received and considered additional authorities on June 10, which it pondered until July 17. As such, the record establishes a proper exercise of due consideration, and the court appropriately chose to exercise its inherent power to reconsider.

## 2. *The Florida prior conviction.*

■ The state has a compelling interest in controlling crime and preventing and punishing recidivism. (*People* v. *Jerez* (1989) 208 Cal.App.3d 132, 140 [256 Cal.Rptr. 31]; accord, *Wright* v. *Superior Court* (1997) 15 Cal.4th 521, 527 [63 Cal.Rptr.2d 322, 936 P.2d 101]; *Texas* v. *McCullough* (1986) 475 U.S. 134, 144 [106 S.Ct. 976, 981-982, 89 L.Ed.2d 104].) California courts have repeatedly held that when a defendant's criminal conduct has

---

the Assembly. (Assem. Amend. to Sen. Bill No. 1805 (1991-1992 Reg. Sess.) July 9, 1992.) The deletion alternatively implies an intent to eliminate discretionary reconsideration, or an assessment that the discretionary language was superfluous.

[8]Moreover, the Supreme Court has recently determined that an appellate court "may reform—i.e., 'rewrite'—a statute in order to preserve it against invalidation under the Constitution, when we can say with confidence that (i) it is possible to reform the statute in a manner that closely effectuates policy judgments clearly articulated by the enacting body, and (ii) the enacting body would have preferred the reformed construction to invalidation of the statute." (*Kopp* v. *Fair Pol. Practices Com.* (1995) 11 Cal.4th 607, 660-661 [47 Cal.Rptr.2d 108, 905 P.2d 1248].)

been proven to be immune from ordinary modes of punishment, one of the duties of the judiciary is to protect the public by utilizing recidivist sentencing statutes to incarcerate such persons. (See, e.g., *In re Rosencrantz* (1928) 205 Cal. 534, 539 [271 P. 902]; *People* v. *Weaver* (1984) 161 Cal.App.3d 119, 125-126 [207 Cal.Rptr. 419].) The habitual offender finding concerns the status of the defendant as one who has not in the past obeyed the law. (*People* v. *Richardson* (1946) 74 Cal.App.2d 528, 542-543 [169 P.2d 44].)

The three strike laws were enacted to promote this compelling interest in the protection of public safety and in punishing recidivism. (*People* v. *Dotson* (1997) 16 Cal.4th 547, 552 [66 Cal.Rptr.2d 423, 941 P.2d 56].) Penal Code section 667, subdivisions (b) through (j) were added effective March 1994;[9] and, effective November 1994, the voters adopted Proposition 184 in a new Penal Code section 1170.12.[10]

---

[9]Penal Code section 667 provides in pertinent part: "(b) It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses. [¶] . . . [¶] (d) *Notwithstanding any other law* and for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a felony shall be defined as: [¶] (1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior *conviction and is not affected by the sentence imposed* unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor. *None of the following dispositions shall affect the determination that a prior conviction is a prior felony for purposes of subdivisions (b) to (i), inclusive:* [¶] (A) *The suspension of imposition of judgment or sentence.* [¶] (B) The stay of execution of sentence. [¶] (C) The commitment to the State Department of Health Services as a mentally disordered sex offender following a conviction of a felony. [¶] (D) The commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison. [¶] (2) A conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶] . . . [¶] (e) For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction: [¶] (1) *If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction.* [¶] . . . [¶] (f)(1) *Notwithstanding any other law*, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d). . . ." (Italics added.)

[10]Penal Code section 1170.12 provides in pertinent part: "(a) *Notwithstanding any other provision of law*, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions, as defined in subdivision (b), the court shall adhere to each of the following: [¶] (b) *Notwithstanding any other provision of law* and for the purposes of this section, a prior conviction of a felony shall be defined as: [¶] (1)

██ " 'When a defendant is convicted of a felony, and it is pleaded and proved that he has committed one or more prior felonies defined as "violent" or "serious,". sentencing proceeds under the Three Strikes law "[n]otwith-standing any other law." . . .' [Citation.]"; (*People* v. *Hazelton* (1997) 14 Cal.4th 101, 108 [58 Cal.Rptr.2d 443, 926 P.2d 423].) For example, a trial court uses a "first strike" conviction as a predicate to double subordinate terms and to impose them consecutively. (Pen. Code, § 667, subd. (e)(1); *People* v. *McKee* (1995) 36 Cal.App.4th 540, 549 [42 Cal.Rptr.2d 707], disapproved on other grounds in *People* v. *Deloza* (1998) 18 Cal.4th 585, 600, fn. 10 [76 Cal.Rptr.2d 255, 957 P.2d 945].) The three strikes law defines a prior felony conviction to include a foreign prior conviction "[n]otwithstanding any other provision of law and for the purposes of this section." (Pen. Code, § 1170.12, subds. (b) & (d)(1).) It applies to foreign convictions equivalent to California's serious and violent felonies. (*Gonzales* v. *Superior Court* (1995) 37 Cal.App.4th 1302, 1309 [44 Cal.Rptr.2d 144].) As such, we look to California's three strikes law to define "conviction."

Neither of the three strikes laws expressly defines "conviction." We therefore apply settled rules of statutory construction to determine the meaning of the term. ██ When construing a statute, we must " ' "ascertain the intent of the lawmakers so as to effectuate the purpose of the law." ' " (*Torres* v. *Automobile Club of So. California* (1997) 15 Cal.4th 771, 777 [63 Cal.Rptr.2d 859, 937 P.2d 290].) We begin by examining the language of the statute, giving the words their ordinary meaning. (*Quintano* v. *Mercury Casualty Co.* (1995) 11 Cal.4th 1049, 1055 [48 Cal.Rptr.2d 1, 906 P.2d 1057]; *People* v. *Broussard* (1993) 5 Cal.4th 1067, 1071 [22 Cal.Rptr.2d 278, 856 P.2d 1134].) "The words, however, must be read in context, considering the nature and purpose of the statutory enactment.

Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of this section shall be made upon the date of that prior conviction and *is not affected by the sentence imposed* unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor. *None of the following dispositions shall affect the determination that a prior conviction is a prior felony for purposes of this section:* [¶] (A) *The suspension of imposition of judgment* or sentence. [¶] (B) The stay of execution of sentence. [¶] (C) The commitment to the State Department of Health Services as a mentally disordered sex offender following a conviction of a felony. [¶] (D) The commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison. [¶] (2) A conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶] . . . [¶] (d)(1) *Notwithstanding any other provision of law*, this section shall be applied in every case in which a defendant has a prior felony conviction as defined in this section. . . ." (Italics added.)

[Citations.]" (*Nahrstedt* v. *Lakeside Village Condominium Assn.* (1994) 8 Cal.4th 361, 378-379 [33 Cal.Rptr.2d 63, 878 P.2d 1275].) Each sentence must be read in light of the statutory scheme. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

 The ordinary legal meaning of "conviction" is a verdict of guilty or the confession of the defendant in open court, and not the sentence or judgment. (*People* v. *Banks* (1959) 53 Cal.2d 370, 390-391 [1 Cal.Rptr. 669, 348 P.2d 102]; *People* v. *Ward* (1901) 134 Cal. 301, 307-308 [66 P. 372]; *Ex parte Brown* (1885) 68 Cal. 176, 179, 183 [8 P. 829]; *In re Anderson* (1939) 34 Cal.App.2d 48, 50-51 [92 P.2d 1020].) Indeed, it is settled that for purposes of a prior conviction statute, a conviction occurs at the time of entry of the guilty plea. (*People* v. *Balderas* (1985) 41 Cal.3d 144, 203 [222 Cal.Rptr. 184, 711 P.2d 480]; *Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 869 [338 P.2d 182]; *People* v. *Milosavljevic* (1997) 56 Cal.App.4th 811, 817 [65 Cal.Rptr.2d 562]; *People* v. *Johnson* (1989) 210 Cal.App.3d 316, 324 [258 Cal.Rptr. 347].) As stated in *People* v. *Williams* (1996) 49 Cal.App.4th 1632, 1637 [57 Cal.Rptr.2d 448]:

" '[P]rior felony convictions' in [Penal Code] section 667, subdivision (c), is ambiguous because it can narrowly mean a verdict or guilty plea or more broadly include both the verdict or plea *and* the judgment pronounced thereon. [Citations.] [Defendant] claims that under established rules of statutory construction, we must adopt that latter interpretation because it is more favorable to him. . . . We disagree.

"In *People* v. *Rhoads* (1990) 221 Cal.App.3d 56, 60 . . . , the court recognized that 'the term "conviction" has no fixed definition and has been interpreted by the courts of this state to have various meanings, depending upon the context in which the word is used.' Generally, however, where the existence of a prior conviction triggers increased punishments, courts interpret 'conviction' to mean the factual ascertainment of guilt by verdict or plea." (Original italics.) In fact, *People* v. *Rosbury* (1997) 15 Cal.4th 206, 210 [61 Cal.Rptr.2d 635, 932 P.2d 207], adopted the definition articulated in *People* v. *Williams, supra,* 49 Cal.App.4th at page 1638, "when guilt is established, either by plea or verdict, the defendant stands convicted and thereafter has a prior conviction."

Certainly, this is consistent with the focus of the recidivist sentencing statutes, that the defendant has not in the past obeyed the law. As such, the popular meaning controls here, unless the nature of the subject or the context suggests a strict technical legal application. To the contrary, in context, Penal Code section 1170.12, subdivision (b)(1) evinces an intent to eschew

technicalities of definition. The focus we discern is rather on factual guilt,[11] and Castello does not direct us to any legislative history demonstrating an intent to use the strict technical legal sense in the sentencing statutes.

Moreover, conviction is used throughout the Penal Code to indicate the jury verdict. (*In re Anderson, supra,* 34 Cal.App.2d at pp. 50-51.) For example, Penal Code section 1151 uses the term in a manner consistent with the ordinary meaning: "A general verdict upon a plea of not guilty is either 'guilty' or 'not guilty,' which imports a conviction or acquittal of the offense charged in the accusatory pleading. . . ." Similarly, article I, section 18 of the California Constitution uses the term in the ordinary sense, ". . . [a] person may not be convicted of treason except . . . by confession in open court." (See *Viking Pools, Inc.* v. *Maloney* (1989) 48 Cal.3d 602, 609 [257 Cal.Rptr. 320, 770 P.2d 732] [in enacting a statute, the Legislature is deemed to be aware of statutes and judicial decisions in effect and to have enacted the new statute with the existing law in mind].)

Since Castello admits he pleaded guilty to the Florida crime, we find he suffered a prior conviction within the meaning of the three strikes laws. As such, his contention that he was not formally adjudicated guilty under Florida law is immaterial.[12]

In this respect, we recognize the issue is unsettled under Florida law. (See *Raulerson* v. *State* (Fla.Dist.Ct.App. 1997) 699 So.2d 339, 340, review granted Mar. 5, 1998, No. 91611 (table, 709 So.2d 537); *State* v. *Keirn*

---

[11]For example, Proposition 184 emphasized that "felonies committed outside California, or by juveniles, are counted as strikes." (Ballot Pamp., argument in favor of Prop. 184, as presented to the voters, Gen. Elec. (Nov. 8, 1994) p. 36; *Kern* v. *County of Imperial* (1990) 226 Cal.App.3d 391, 400, fn. 8 [276 Cal.Rptr. 524] [court may take judicial notice of legislative materials on own motion].)

[12]Florida Statutes Annotated section 948.01 provides in pertinent part: "(1) Any court of the state having original jurisdiction of criminal actions may at a time to be determined by the court, either with or without an adjudication of the guilt of the defendant, hear and determine the question of the probation of a defendant in a criminal case, except for an offense punishable by death, who has been found guilty by the verdict of a jury, has entered a plea of guilty or a plea of nolo contendere, or has been found guilty by the court trying the case without a jury. . . . [¶] (2) If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and, in either case, it shall stay and withhold the imposition of sentence upon such defendant and shall place the defendant upon probation. . . ."

(Fla.Dist.Ct.App.) review granted July 22, 1998, No. 93114 (Table 718 So.2d 168).[13] However, this is a matter of academic interest only, since this case requires our interpretation of the term "conviction" under the California three strikes law, and not any construction of Florida law. (See, e.g., *People v. Benson* (1998) 18 Cal.4th 24, 30 [74 Cal.Rptr.2d 294, 954 P.2d 557]; *People v. Hazelton* (1997) 14 Cal.4th 101, 108 [58 Cal.Rptr.2d 443, 926 P.2d 423].)

DISPOSITION

We affirm the judgment of conviction, but set aside the superior court's order vacating the finding under the three strikes law that Castello had previously been convicted of a serious felony. The sentence is vacated and the case remanded to the trial court for further proceedings consistent with this opinion.

Benke, Acting P. J., and McDonald, J., concurred.

A petition for a rehearing was denied August 26, 1998, and appellant's petition for review by the Supreme Court was denied November 4, 1998. Kennard, J., was of the opinion that the petition should be granted.

---

[13]On the one hand, there is Florida authority that, pursuant to the statutory scheme governing probation and withholding of adjudication of guilt, a defendant who has an adjudication of guilt withheld and successfully completes the term of probation imposed is not a convicted person. (E.g., *State v. Gloster*, (Fla.Dist.Ct.App. 1997) 703 So.2d 1174, 1175, review granted May 15, 1998, No. 92235 (table, 717 So.2d 531).) On the other hand, cases such as *State v. Gazda* (Fla. 1971) 257 So.2d 242, 243-244, hold that for certain purposes, one may be "convicted" without being adjudicated guilty. Likewise, rule 3.701, subdivision (d)(2) of the Florida Rules of Criminal Procedure, provides: " 'Conviction' means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended."