Filed 10/12/21  P. v. Awardo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075299 |
| v. | (Super.Ct.No. FSB1200458) |
| CLIFFORD EDMOND AWARDO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  J. David Mazurek, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Warren Williams and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

In this case, the California Department of Corrections and Rehabilitation (the department) submitted a letter to the trial court and recommended the court recall defendant Clifford Edmond Awardo's sentence and resentence him pursuant to Penal Code section 1170, subdivision (d)(1).[1]  Specifically, the department informed the trial court of an ameliorative amendment to section 1385 (Stats. 2018, ch. 1013, §§ 1-2), which provides the trial court has discretion to dismiss, in the interest of justice, serious prior felony strikes.  The trial court denied the recommendation by minute order.  The next month, Awardo submitted his own letter to the trial court, and he asked the court to review his case and reconsider its ruling on the department's recommendation.  The trial court denied Awardo's request, and he timely appealed from the order denying the department's recommendation.

Awardo argues the trial court abused its discretion by not permitting him to submit additional information about his rehabilitation and by not reconsidering its denial of the department's recommendation.  Section 1170, subdivision (d)(1), is a limited exception to the general rule that a trial court loses jurisdiction to resentence a defendant once execution of the sentence begins, and that statute only revests the trial court with jurisdiction for a limited time.  The trial court in this case had jurisdiction to entertain the department's recommendation to recall Awardo's sentence but, once the court denied it, the court was once more divested of jurisdiction to resentence him.  Because Awardo did

_____

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

not submit his request until one month *after* the trial court denied the department's recommendation, the court simply lacked the jurisdiction to consider it. We affirm.

## I.

## PROCEDURAL BACKGROUND

A jury convicted Awardo of one count of burglary of an inhabited dwelling (§ 459) and one count of misdemeanor violation of a protective order (§ 273.6, subd. (a)). Separately, he admitted to having suffered a prior conviction for assault with a deadly weapon (§ 245, subd. (a)(1)) and admitted that prior was both a "serious felony" (§ 667, subd. (a)(1)) and a "serious or violent felony" strike (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(f)) for purposes of sentencing. The trial court sentenced him to state prison for the middle term of four years for the burglary conviction, doubled pursuant to the one strike law, plus a five-year enhancement for his strike conviction, for a term of 13 years; to one year in county jail for the misdemeanor conviction, to be served concurrently to the prison term; and the court dismissed the "serious felony" allegation in the interest of justice.

On appeal, we rejected Awardo's argument that he had only admitted to having suffered a prior conviction but not that the conviction constituted a "serious or violent felony" strike and affirmed the judgment. (*People v. Awardo* (Jan. 8, 2014, E057358) [nonpub. opn.].) Six years later, on January 21, 2020, the department submitted a letter to the trial court recommending the court recall Awardo's sentence pursuant to section 1170, subdivision (d)(1), and exercise its then newly authorized discretion under section 1385 to strike his five-year serious felony sentence enhancement. In support of

3

its recommendation, the department submitted Awardo's inmate assignment history, a document that details a prisoner's assignment to any education, work, or rehabilitative programs, and a report indicating he had no reported rule violations. The trial court denied the recommendation by minute order dated January 27, 2020.

On February 28, 2020, Awardo mailed a letter to the superior court in which he stated he had been attending groups and taking courses while in prison, and he had been "discipline free." He did not understand why the court had denied the department's recommendation, and he asked the court to review his case and reconsider its ruling. The trial court denied the request.

Awardo timely appealed from the January 27, 2020 order denying the department's recommendation.

## II.

## DISCUSSION

A trial court loses jurisdiction over a defendant and loses jurisdiction to resentence the defendant once the court has relinquished custody over him and execution of his sentence has commenced. (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) Section 1170, subdivision (d)(1), is an exception to that rule. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) Within 120 days of the defendant's commitment, the trial court may recall the sentence and resentence the defendant "on its own motion." (§ 1170, subd. (d)(1).) That statute "provides a specific scheme for the trial court to exercise jurisdiction for a limited time after it normally would have lost jurisdiction." (*Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1835.) Although the defendant himself has

no standing to formally request that the trial court recall his sentence, he may informally invite the court to exercise its own motion jurisdiction within 120 days of his commitment. (*People v. Loper* (2015) 60 Cal.4th 1155, 1166-1167.) There is no question the trial court in this case lacked the authority to recall Awardo's sentence on its own motion or to act on an informal invitation from him because more than 120 days had elapsed since his commitment to state prison.

In addition, "at any time," the department, the Board of Parole Hearings, or a county correctional administrator (when the defendant is sentenced to county jail) may recommend the trial court recall the defendant's sentence and resentence him. (§ 1170, subd. (d)(1).) We review the denial of such a recommendation for abuse of discretion. (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863-864.)

In *People v. McCallum* (2020) 55 Cal.App.5th 202, the department recommended the trial court recall the defendant's sentence and resentence him. (*Id.* at pp. 208-209.) Before the court ruled on the recommendation, the defendant lodged a notice of appearance and asked the court to hold a case management conference and schedule a hearing and briefing schedule, if necessary. (*Id.* at p. 209.) The trial court denied the department's recommendation without setting a case management conference or permitting the defendant to submit additional information about his changed circumstances that might warrant resentencing. (*Ibid.*)

On appeal, the appellate court rejected the defendant's argument that the trial court was required to conduct a hearing on the department's recommendation. (*People v. McCallum*, *supra*, 55 Cal.App.5th at pp. 211-216.) However, the court agreed with the

defendant that the trial court erred by not permitting him to submit additional information before it ruled on the department's recommendation. (*Id.* at p. 216.) "Once McCallum requested an opportunity to respond to the [department's] recommendation by requesting a case management conference and possible briefing and presentation of evidence, the trial court's decision simply to ignore McCallum's request to provide input on the [department's] recommendation was an abuse of discretion." (*Id.* at p. 216, fn. omitted.)

Awardo argues the trial court abused its discretion by denying the department's recommendation without first giving him the opportunity to submit additional information about his rehabilitation. But, as the People contend, *People v. McCallum*, *supra*, 55 Cal.App.5th 202, is distinguishable. There, the defendant submitted his request to present additional information *before* the trial court had ruled on the department's recommendation. (*Id.* at p. 209.) "When that occurs, it is an abuse of discretion for the trial court to deny the [department's] recommendation without permitting the inmate to do so." (*People v. Frazier*, *supra*, 55 Cal.App.5th at p. 869, citing *McCallum*, at p. 218.) Here, Awardo did not request the opportunity to present additional information but asked the court to reconsider its ruling on the department's recommendation. And, to the extent Awardo's letter should be construed as a request to submit additional information, he did not submit it until one month *after* the trial court had already denied the department's recommendation.

The courts have properly characterized section 1170, subdivision (d)(1), as a "limited" exception to the general rule that a trial court lacks jurisdiction to resentence a defendant upon commitment and execution of the sentence. (E.g., *People v. Scarbrough*

6

(2015) 240 Cal.App.4th 916, 923, 925-926.)  Without question, the trial court had jurisdiction to entertain the *department*'s recommendation.  But, the department's recommendation did not vest the trial court with open-ended jurisdiction to recall Awardo's sentence and resentence him.  As soon as the court denied that recommendation, it was once again divested of jurisdiction to resentence Awardo and had no authority to grant *his* request submitted one month later.  Nothing in *People v. McCallum*, *supra*, 55 Cal.App.5th 202, mandates a contrary conclusion, and Awardo cites no authority that does.

Relying primarily on *People v. Castello* (1998) 65 Cal.App.4th 1242, Awardo argues the trial court did not lose jurisdiction to consider his request and reconsider the department's recommendation.  That case is inapposite.  *Castello* recognized a criminal court's inherent "power to reconsider *interim* rulings."  (*Id*. at p. 1246, italics added.)  But that power is limited to the correction of "prejudgment errors."  (*In re Alberto* (2002) 102 Cal.App.4th 421, 426; see *Conservatorship of Christopher B.* (2015) 240 Cal.App.4th 809, 816-818 [criminal court in related proceeding had no authority to reconsider its dismissal, at the prosecutor's request, of an entire case].)  In contrast, the order denying the department's recommendation was a postjudgment order, which, by definition, is not an interim or prejudgment ruling.  And, although courts have concluded the distinction between interim and final rulings and between prejudgment and postjudgment orders is not dispositive with respect to motions for reconsideration in civil cases under Code of Civil Procedure section 1008 (e.g., *In re Marriage of Barthold* (2008) 158 Cal.App.4th

7

1301, 1312), Awardo properly concedes the courts have *not* ruled that statute applies in criminal cases.  (See *Castello*, at pp. 1246-1247.)

Because the trial court lacked jurisdiction to consider Awardo's request, we find no abuse of discretion.

III.

DISPOSITION

The postjudgment order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER_____
                                        Acting P. J.

We concur:


MILLER_____
                    J.


FIELDS_____
                    J.


8