Filed 1/3/22  P. v. Awardo CA4/2
Opinion following rehearing

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075299 |
| v. | (Super.Ct.No. FSB1200458) |
| CLIFFORD EDMOND AWARDO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  J. David Mazurek, Judge.  Reversed and remanded with directions.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Arlene A. Sevidal, Assistant Attorneys General, Warren J. Williams and Steve T. Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

In this case, the California Department of Corrections and Rehabilitation (the department) submitted a letter to the trial court and recommended the court recall defendant Clifford Edmond Awardo's sentence and resentence him pursuant to Penal Code[1] former section 1170, subdivision (d)(1) (Stats. 2018, ch. 1001, § 2). Specifically, the department informed the trial court of an ameliorative amendment to former section 1385 (Stats. 2018, ch. 1013, §§ 1-2.), which provided that the trial court has discretion to dismiss, in the interest of justice, serious prior felony strikes. The trial court summarily denied the recommendation by minute order. The next month, defendant submitted his own letter to the trial court and asked the court to review his case and reconsider its ruling on the department's recommendation. The trial court denied the request, and defendant timely appealed.

On appeal, defendant argued that the trial court abused its discretion by not permitting him to submit additional information about his rehabilitation and by not reconsidering its denial of the department's recommendation. In our original opinion filed on October 12, 2021, we held that the trial court had jurisdiction to entertain the department's recommendation to recall defendant's sentence but, once the court denied it, the court was once more divested of jurisdiction to resentence him. And, because defendant did not submit his request until one month after the trial court had denied the department's recommendation, the court simply lacked the jurisdiction to consider it. Therefore, we affirmed the order denying the department's recommendation.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

Unbeknownst to this court, four days before we issued our original decision in this appeal, the Governor signed into law a series of bills that, among other things, amended section 1170 (Stats. 2020, ch. 29, § 15, eff. Jan. 1, 2022; Sen. Bill No. 118 (2021-2022 Reg. Sess.)) and enacted section 1170.03 (Stats. 2021, ch. 719, § 3.1, eff. Jan. 1, 2022; Assem. Bill No. 1540 (2021-2022 Reg. Sess.)). Section 1170.03 provides that the trial court may not deny a resentencing recommendation from the department without first (1) providing a defendant with notice of the recommendation, (2) appointing counsel for a defendant, and (3) conducting a hearing within 30 days of the recommendation where the parties are given the opportunity to address the basis of the court's intended denial or rejection. (§ 1170.03, subds. (a)(8), (b)(1).)

In addition, section 1170.03 establishes a rebuttable presumption in favor of recalling and resentencing a defendant that may be overcome only if the trial court finds that he or she poses an unreasonable risk of danger to public safety as defined in section 1170.18. It also requires the court to state on the record its reasons for granting or denying the department's recommendation. (§ 1170.03, subds. (a)(6), (b)(2).) And, in uncodified statements of legislative purpose, the Legislature expressed its intent that trial courts "recognize the scrutiny that has already been brought to these [resentencing] referrals" and "apply ameliorative laws passed by this body that reduce sentences or provide for judicial discretion, regardless of the date of the offense or conviction." (Stats. 2021, ch. 719, § 1(h)-(i).)

We granted defendant's petition for rehearing and directed the parties to address the effect of the statutory amendments to section 1170 and the adoption of section 1170.03. In their supplemental briefs, the parties agree we should reverse the order denying the department's recommendation, and remand for the trial court to comply with the dictates of section 1170.03 and reconsider the department's recommendation. We agree.

## I.

## PROCEDURAL BACKGROUND

A jury convicted defendant of one count of burglary of an inhabited dwelling (§ 459) and one count of misdemeanor violation of a protective order (§ 273.6, subd. (a)). Separately, he admitted to having suffered a prior conviction for assault with a deadly weapon (§ 245, subd. (a)(1)) and admitted the prior was both a "serious felony" (§ 667, subd. (a)(1)) and a "serious or violent felony" strike (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(f)) for purposes of sentencing. The trial court sentenced him to state prison for the middle term of four years for the burglary conviction, doubled pursuant to the one strike law, plus a five-year enhancement for his strike conviction, for a term of 13 years; to one year in county jail for the misdemeanor conviction, to be served concurrently to the prison term; and the court dismissed the "serious felony" allegation in the interest of justice.

On direct appeal, we rejected defendant's argument that he had only admitted to having suffered a prior conviction but not that the conviction constituted a "serious or violent felony" strike and affirmed the judgment. (*People v. Awardo* (Jan. 8, 2014,

4

E057358) [nonpub. opn.].)  Six years later, on January 21, 2020, the department submitted a letter to the trial court recommending the court recall defendant's sentence pursuant to former section 1170, subdivision (d)(1), and exercise its then newly authorized discretion under former section 1385 to strike his five-year serious felony sentence enhancement.  In support of its recommendation, the department submitted (1) defendant's inmate assignment history, (2) a document that details a prisoner's assignment to any education, work, or rehabilitative programs, and (3) a report indicating he had no reported rule violations.  The trial court denied the recommendation by minute order dated January 27, 2020.

On February 28, 2020, defendant mailed a letter to the superior court in which he stated he had been attending groups and taking courses while in prison, and he had been "discipline free."  He did not understand why the court had denied the department's recommendation, and he asked the court to review his case and reconsider its ruling.  The trial court denied the request.

Defendant timely appealed from the January 27, 2020 order denying the department's recommendation.

## II.

## DISCUSSION

As we stated in our original opinion, a trial court loses jurisdiction over defendant and loses jurisdiction to resentence him once the court has relinquished custody and execution of his sentence has commenced.  (*People v. Karaman* (1992) 4 Cal.4th 335, 344.)  Former section 1170, subdivision (d)(1), (and new section 1170.03) is an exception

5

to that rule.  (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.)  Within 120 days of a defendant's commitment, the trial court may recall the sentence and resentence the defendant "on its own motion."  (Former § 1170, subd. (d)(1).)  That statute "provides a specific scheme for the trial court to exercise jurisdiction for a limited time after it normally would have lost jurisdiction."  (*Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1835.)  Although a defendant has no standing to formally request that the trial court recall a sentence, a defendant may informally invite the court to exercise jurisdiction on its own motion within 120 days of his commitment.  (*People v. Loper* (2015) 60 Cal.4th 1155, 1166-1167.)  There is no question the trial court, in this case, lacked the authority to recall defendant's sentence on its own motion or to act on an informal invitation from him because more than 120 days had elapsed since his commitment to state prison.

In addition, "at any time," the department, the Board of Parole Hearings, or a county correctional administrator (when a defendant is sentenced to county jail) may recommend the trial court recall a defendant's sentence and resentence him or her. (Former § 1170, subd. (d)(1).)  We review the denial of such a recommendation for the abuse of discretion.  (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863-864.)

In *People v. McCallum* (2020) 55 Cal.App.5th 202, the department recommended the trial court recall the defendant's sentence and resentence him.  (*Id*. at pp. 208-209.) Before the court ruled on the recommendation, the defendant lodged a notice of appearance and asked the court to hold a case management conference and schedule a hearing and briefing schedule, if necessary.  (*Id*. at p. 209.)  The trial court denied the

department's recommendation without setting a case management conference or permitting the defendant to submit additional information about his changed circumstances that might warrant resentencing. (*Ibid.*)

On appeal, the appellate court rejected the defendant's argument that the trial court was required to conduct a hearing on the department's recommendation. (*People v. McCallum*, *supra*, 55 Cal.App.5th at pp. 211-216.) However, the court agreed with the defendant that the trial court erred by not permitting him to submit additional information before it ruled on the department's recommendation. (*Id*. at p. 216.) "Once McCallum requested an opportunity to respond to the [department's] recommendation by requesting a case management conference and possible briefing and presentation of evidence, the trial court's decision simply to ignore McCallum's request to provide input on the [department's] recommendation was an abuse of discretion." (*Id*. at p. 216, fn. omitted.)

Relying heavily on *People v. McCallum*, *supra*, 55 Cal.App.5th 202, defendant argued that the trial court abused its discretion by denying the department's recommendation without first giving him the opportunity to submit additional information about his rehabilitation. We held in our original opinion that *McCallum* was distinguishable. There, the defendant submitted his request to present additional information *before* the trial court had ruled on the department's recommendation. (*Id*. at p. 209.) "When that occurs, it is an abuse of discretion for the trial court to deny the [department's] recommendation without permitting the inmate to do so." (*People v. Frazier*, *supra*, 55 Cal.App.5th at p. 869, citing *McCallum*, at p. 218.) Here, defendant did not request the opportunity to present additional information but asked the court to

7

reconsider its ruling on the department's recommendation. And, to the extent defendant's letter should be construed as a request to submit additional information, he did not submit it until one month *after* the trial court had already denied the department's recommendation.

In our original opinion, we noted that the courts had properly characterized former section 1170, subdivision (d)(1), as a "limited" exception to the general rule that a trial court lacks jurisdiction to resentence a defendant upon commitment and execution of the sentence. (E.g., *People v. Scarbrough* (2015) 240 Cal.App.4th 916, 923, 925-926.) Without question, the trial court had jurisdiction to entertain the *department*'s recommendation. But, we held the department's recommendation did not vest the trial court with open-ended jurisdiction to recall defendant's sentence and resentence him. As soon as the court denied that recommendation, it was once again divested of jurisdiction to resentence defendant and had no authority to grant *his* request submitted one month later. And, we held that nothing in *People v. McCallum*, *supra*, 55 Cal.App.5th 202, mandated a contrary conclusion, and defendant had cited no authority that did.[2]

As indicated, *ante*, four days before we issued our original opinion, the Governor signed into law bills that amended section 1170 and enacted 1170.03. Without question, the provisions of section 1170.03 highlighted *ante* significantly alter the trial court's authority and duties when considering a recommendation from the department to recall a

_____

[2] We also held that the trial court's inherent authority to reconsider interim, prejudgment rulings (see *In re Alberto* (2002) 102 Cal.App.4th 421, 426; *People v. Castello* (1998) 65 Cal.App.4th 1242, 1246) did not authorize the court to reconsider its denial of the department's recommendation.

sentence and resentence a defendant. And, had section 1170.03 been in effect when the department recommended defendant be resentenced, the trial court would have been required to comply with its dictates and essentially provide him with the opportunity to present additional evidence of rehabilitation, which he sought in this appeal. Although in their supplemental briefs the parties disagree whether the clearly ameliorative provisions of section 1170.03 apply retroactively in this case (see *In re Estrada* (1965) 63 Cal.2d 740), considering our order granting rehearing and vacating our prior opinion, the People concede this appeal will not become final before January 1, 2022, when section 1170.03 goes into effect. Therefore, the People contend judicial efficiency dictates that the case be remanded for the trial court to comply with section 1170.03 and reconsider the department's recommendation. We agree and so order.

III.

DISPOSITION

The postjudgment order is reversed. On remand, the trial court shall comply with section 1170.03 and reconsider the department's recommendation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:


MILLER
J.

FIELDS
J.

9