Filed 1/10/24  P. v. Simpson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098238 |
| Plaintiff and Respondent, | (Super. Ct. No. 93F03862) |
| v. | |
| BENITO SIMPSON, | |
| Defendant and Appellant. | |

Defendant Benito Simpson appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  Appointed counsel for defendant asks this court to conduct an independent review of the record to determine whether there any arguable issues on appeal, and defendant has filed a supplemental brief.  (*People v.*

---

[1] Undesignated statutory references are to the Penal Code.  Defendant filed his petition under former section 1170.95.  Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775) amended section 1170.95, effective January 1, 2022.  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  This opinion refers to section 1172.6.

1

*Wende* (1979) 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216.) We have considered defendant's supplemental brief, and we affirm the trial court's order.

## BACKGROUND

In 1994, a jury found defendant guilty of first degree murder. The jury also found true that defendant personally used a firearm. The trial court sentenced defendant to 25 years to life plus a consecutive eight-year term for use of a firearm and three years for a prior prison term. This court affirmed the judgment. (*People v. Benito Simpson* (May 28, 1996, C018331) [nonpub. opn.].)

In May 2022, defendant filed a form petition for resentencing under section 1172.6. Defendant checked boxes alleging he was convicted of murder under the felony-murder rule or natural and probable consequences doctrine and could not be so convicted today under the changes made to sections 188 and 189, effective January 1, 2019. The court appointed counsel for defendant. The People opposed the petition, arguing that the appellate opinion, the jury instructions, and the jury's findings established that defendant was not convicted under the felony-murder doctrine or natural and probable consequences doctrine, and further that as the actual perpetrator defendant would still be convicted under the amendments to sections 188 and 189. People attached this court's opinion on direct appeal and copies of the jury instructions taken from the appellate record. Defendant filed a reply to the People's opposition, arguing that he had made a prima facie showing he was entitled to relief and moving to strike factual statements taken from our opinion as hearsay and prohibited by the amendments to section 1172.6 made by Senate Bill 775.

At the hearing on defendant's resentencing petition, the trial court concluded it could not consider jury instructions obtained from the appellate record. The trial court ruled that defendant was entitled to an evidentiary hearing and issued an order to show cause.

2

The People filed a request for reconsideration of the order to show cause, stating that the jury instructions had been located in the superior court file and requesting that the court take judicial notice of the instructions. Defendant objected to a hearing on the motion for reconsideration as untimely under Code of Civil Procedure section 1008.

At the hearing on the People's motion for reconsideration, the court determined it had discretion to reconsider an interim ruling. The court reviewed the jury instructions and found that defendant was ineligible for relief as a matter of law, because the jury was not instructed on a now-invalid theory of murder.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant's appointed counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief, and he has done so.

Our Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) Our Supreme Court has laid out applicable procedures for such cases, saying, where, as here, a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.)

Defendant raises a number of claims on matters that are not before us in this appeal, inter alia: a copy of a newspaper was found in the jury room, jurors read it, but the trial court did not investigate the effect on deliberations; a dictionary was also found in the jury room and the definition of a term was read aloud by a juror to other jurors; jurors reading newspaper accounts of the trial was grounds for a new trial; the trial judge

3

"coerced" the jury into a verdict (a claim we rejected on direct appeal); the prosecutor committed misconduct; there was only one African-American juror; defendant's codefendant gave perjured testimony; and his codefendant received a lower sentence for the same offense.

We do not consider these claims on appeal from denial of a section 1172.6 petition. (See *People v. Strong* (2022) 13 Cal.5th 698, 713 [resentencing under section 1172.6 involves "prospective relief from a murder conviction that was presumptively valid at the time," not the correction of "errors in past factfinding"]; see also *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [section 1172.6 "does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings"].)

However, defendant also contends that he was denied due process when the trial court reconsidered its initial ruling that defendant was entitled to an evidentiary hearing. We disagree. The trial court properly relied on *People v. Castello* (1998) 65 Cal.App.4th 1242 that held the trial court has inherent power to reconsider interim rulings, and the time limits to do so set forth in Code of Civil Procedure section 1008 do not necessarily apply in a criminal case. (*Castello*, at pp. 1246-1250; *People v. Superior Court (Laff)* (2001) 25 Cal.4th 703, 728-729 [citing *Castello* with approval].) We conclude the trial court correctly determined that its order to show cause was an interim ruling and not a final adjudication on the merits, and therefore the court could reconsider that ruling. (*Castello*, at p. 1248.)

In any event, the jury instructions obtained from the superior court's file establish that the jury was not instructed on the felony-murder rule or the natural and probable consequences doctrine. Defendant cannot show that the jury convicted him on a theory on which it was not instructed. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677.) Thus, the trial court correctly determined that defendant was ineligible for section 1172.6 relief as a matter of law.

**DISPOSITION**

The trial court's order denying the petition is affirmed.

/s/

MESIWALA, J.

We concur:

/s/

HULL, Acting P. J.

/s/

BOULWARE EURIE, J.

5